**Lillian B. WATERS et al., Plaintiffs,**

v.

**Maurice H. STANS et al., Defendants.**

**Civ. A. No. 1987–71.**

United States District Court,
District of Columbia.

Feb. 17, 1972.

**442**

David J. Berman, Roderic Boggs, Washington, D. C., for plaintiffs.

J. Michael McGarry, III, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

GESELL, District Judge.

After administrative proceedings, plaintiffs, who are two black employees of the Bureau of Census, have been ordered suspended for five days. The suspension is being deferred pending resolution of the present controversy which is before the Court on cross-motions for summary judgment. Plaintiffs claim that they are being disciplined under an arbitrary, vague regulation and their rights under the First Amendment are being violated. Defendants support the regulation and contend that their action is reasonably necessary to protect the efficiency of the federal service.

The facts are not in dispute. During a lunch hour the plaintiffs, who were with others picketing in the lobby of the Census building at Suitland, Maryland, complaining against discriminatory discharges, entered the Census cafeteria which is open to the public and approached two white women supervisors who were there seated having lunch. They carried a two-foot-by-four-foot sign which read: "Pigs Off Census," and held it silently next to the women's table for several minutes. This incident attracted considerable attention. The supervisors involved were among those accused of allegedly discriminatory firings. They were unable to complete their meal, became upset, left the cafeteria and were unable to work the remainder of the day.

■ Suspension is proposed under a Department of Commerce regulation prohibiting "conduct which violates common decency or morality or use of improper or obscene language." Similar general clauses in federal employee regulations exist and have been upheld where they can be "adequately measured by common understanding and practice." Meehan v. Macy, 129 U.S.App.D.C. 217, 392 F.2d 822 (1968); Jordan v. DeGeorge, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1951). The regulation is not unduly vague.

■ What occurred in this instance was a pointed verbal assault on fellow employees singled out for this purpose and confronted at the employees' place of work. Such conduct violates common decency, particularly when done, as is the case here, with the obvious intent to humiliate. Clearly if such excesses were tolerated the efficiency of the federal service would be impaired. Accordingly, the Court concludes that whether or not the actions here were in the realm of the First Amendment, the conduct involved fell squarely within the regulations and defendants' disciplinary action is sustained. The Government's right to protect the efficiency of its service has frequently been recognized. Goldwasser v. Brown, 135 U.S.App.D.C. 222, 417 F.2d 1169 (1969). The action here, which protects the peace and tranquility of employees during lunchtime, cannot be said under any circumstances to place any substantial restriction on the exercise of First Amendment rights and the balance tips heavily in favor of defendants.

Plaintiff's motion for summary judgment is denied. Defendants' motion for summary judgment is granted and the complaint dismissed. So ordered.